IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELEN WEEKS,

      Plaintiff,

v.                                         CIVIL ACTION NO.

SANTANDER CONSUMER USA, INC.,

      Defendant.

_____/

## NOTICE OF REMOVAL

**COMES NOW** defendant Santander Consumer USA, Inc. ("Defendant"), by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the County Court of Polk County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division. In support of this notice of removal, Defendant states as follows:

2019086 v1

## I. INTRODUCTION

1. Plaintiff Helen Weeks ("Plaintiff") commenced this action by filing a complaint against Defendant in the County Court of Polk County, Florida, Case Number 53-2012SC-001942 on or about June 26, 2012.

2. Plaintiff's complaint asserts claims against Defendant relating to alleged improper collection of a debt. [*See generally* Complaint.]

3. Based on these allegations, Plaintiff attempts to assert a federal claim against Defendant under the Fair Debt Collection Practices Act ("FDCPA"). [*Id.*]

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

5. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."

28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiff is asserting a claim against Defendant based upon alleged violations of the FDCPA, which is a federal consumer protection statute. [*See* Complaint; *see also* 15 U.S.C. § 1692 *et seq.*] Accordingly, Plaintiff's FDCPA claim arises under the laws of the United States and could have been originally filed in this Court.

### III.   SUPPLEMENTAL JURISDICTION

7. This Court can exercise supplemental jurisdiction over Plaintiff's state law claims because these claims form part of the same case or controversy as Plaintiff's alleged FDCPA violations. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

8. In the instant case, Plaintiff's state law claims are related to the same alleged conduct that forms the basis for Plaintiff's FDCPA claim. Thus, it is clear that Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See also* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . .").

9. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to avoid an unnecessary duplication of judicial resources. *See Bensman v. CitiCorp Trust, N.A.*, 354 F. Supp. 2d 1330, 1333-34 (S.D. Fla. 2005) (citing *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996)). In the instant case, Plaintiff's state law claims do not raise novel or complex issues of state law, do not predominate over Plaintiff's demand for relief under the FDCPA, and arise from the same transaction or occurrence. *See id.* (citing 28 U.S.C. § 1367(c)). It is therefore

proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## IV.    ADOPTION AND RESERVATION OF DEFENSES

10.    Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fla. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V.    PROCEDURAL REQUIREMENTS

11.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

12.    True and correct copies of "all process, pleadings, and orders" filed to date have been submitted to this Court contemporaneously with this Notice of Removal in conformity with 28 U.S.C. § 1446(a) and Local Rule

4.02. There has been no other process, pleadings, or orders served upon Defendant to date in this case.

13. This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446, as Defendant was not served until July 3, 2012.

14. Defendant has heretofore sought no similar relief.

15. The United States District Court for the Middle District of Florida, Tampa Division, is the court and division embracing the place where this action is pending in state court.

16. Contemporaneously with the filing of this notice of removal, Defendant has filed a copy of same with the clerk of the County Court of Polk County, Florida and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

17. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the County Court of Polk County, Florida,

to the United States District Court for the Middle District of Florida, Tampa Division.

        Respectfully submitted,

        */s/ Laura L. Westerman*
        R. Frank Springfield (FL Bar No. 0010871)
        Zachary D. Miller (FL Bar No. 0095669)
        Laura L. Westerman (FL Bar No. 0085573)
        BURR & FORMAN LLP
        200 S. Orange Avenue, Suite 800
        Orlando, FL 32801
        Telephone: (407) 540-6600
        Facsimile: (407) 540-6601
        fspringf@burr.com
        zmiller@burr.com
        lwesterman@burr.com

        Attorneys for Defendant
        SANTANDER CONSUMER USA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 24th day of July, 2012:

Harold E. Barker
Dicesare, Davidson & Barker, P.A.
P. O. Box 7160
Lakeland, FL 33807-7160
(863) 648-5999

_____
OF COUNSEL