IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
SMALL CLAIMS DIVISION

2012 JUN 26 AM 11: 35

FILED - COUNTY CIVIL
RICHARD H. WEISS, CLERK
CIRCUIT AND COUNTY COURTS

HELEN WEEKS,

    Plaintiff,

vs.

Case No. 53-2012-SC-001942-0000-00

SANTANDER CONSUMER USA, INC.,

    Defendant.

---

**COMPLAINT FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT and VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT and DEMAND FOR JURY TRIAL**

**I.
INTRODUCTION**

1. This is an action for damages for violation of the State of Florida Consumer Collection Practices Act, Section 559.72, Florida Statutes (hereinafter to as "FCCPA") and for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

**II.
JURISDICTION AND VENUE**

2. This is a complaint for damages which does not exceed $2,500.00 exclusive of costs, interest, and attorney's fees. Venue in this county is proper in that Defendant transacts business here and throughout the State of Florida, and the conduct complained of occurred in Polk County, Florida, and is in compliance Section 559.77(1), Florida Statutes.

**III.**

## PARTIES

3. Plaintiff, HELEN WEEKS is a natural person residing in Lakeland, Polk County, Florida (hereinafter referred to as "Plaintiff"). Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and as defined by Section 559.55(1), Florida Statutes.

4. Defendant, SANTANDER CONSUMER USA INC (hereinafter referred to as "Defendant"), is a foreign profit corporation which is registered in the State of Florida and is engaged in business throughout the State of Florida and whose principle business is servicing and collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and by Section 559.55(6), Florida Statutes.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

6. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiffs' alleged consumer debt.

## IV.
## FACTUAL ALLEGATIONS

7. Upon information and belief, Plaintiff incurred a financial obligation through CITI FINANCIAL AUTO for the purchase of a motor vehicle which was primarily for personal, family or household purposes, and is a "debt" as that term is defined by 15 U.S.C. §1692a(5) and by Section 559.55(1), Florida Statutes (hereafter referred to as the "Debt"). Sometime thereafter, Defendant became either the owner of the debt or the servicer of the debt.

8. On or about May 18, 2012, Plaintiff advised Defendant in writing that Plaintiff was being represented by counsel and requested that Defendant cease all direct communication and contact with Plaintiff. Defendant received the May 18, 2012 notification letter on May 20,

2012. A true and correct copy of the May 18, 2012 notification letter and the United States Postal Service return receipt is marked and attached hereto as Exhibit "A".

9. The May 18, 2011 notification letter to Defendant from Plaintiff placed Defendant on notice that Plaintiff was represented by counsel with regard to the debt which is identified in paragraph 7 above, that Plaintiff did not wish to be directly communicated with or contacted by Defendant regarding the debt which is identified in paragraph 7 above, and for Defendant to not contact Plaintiff at Plaintiff's home telephone number, Plaintiff's cellular telephone or Plaintiff's work telephone number.

10. Subsequent to receipt of the notification letter, and in violation of the requests made in the May 18, 2012 notification letter, Plaintiff has received numerous telephone calls from Defendant with regard to the debt which was identified in paragraph 7 above. This direct telephone contact by Defendant with Plaintiff constitutes a "communication" as defined by 15 U.S.C. §1692a(2) and as defined by Section 559.55(5), Florida Statutes.

11. This harassment, as shown above, has been carried out by multiple telephone calls to Plaintiff by Defendant.

12. The purpose of the calls is to harass Plaintiff.

13. The method of harassing Plaintiff was by repeatedly calling Plaintiff's cellular telephone, thereby disturbing Plaintiff's privacy and peace.

14. The above noted activity by Defendant is in direct violation of and prohibited by the FCCPA and the FDCPA.

15. The acts and omissions of Defendant and by others employed or as agents of Defendant, who communicated with Plaintiff, as more fully described herein, were committed within the time and space limits of their employment or agency relationship with Defendant.

16. The acts and omissions by Defendant and by others employed or as agents of Defendant, were incidental to, or of the same general nature as, the responsibilities these employees or agents were authorized to perform at the request of the Defendant.

17. By committing the above acts and omissions against Plaintiff, Defendant and the others employed or as agents of Defendant, were motivated to benefit Defendant.

18. Defendant is liable to Plaintiff through the Doctrine of Respondent Superior for the intentional and negligent acts, errors and omissions done in violation of federal and state law by Defendant, and by others employed or as agents of Defendant, including but not limited to violations of the FCCPA and the FDCPA, in their attempts to collect a debt.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff incorporates Paragraphs 1 through 18.

20. The telephone calls noted herein constitute a "communication" as defined by 15 U.S.C. §1692a(2).

21. The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

22. The Defendant and its agents violated 15 U.S.C. § 1692d and 15 U.S.C. §1692d(5) by causing the telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

23. Defendant and its agents violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff, the consumer, after Defendant knew that Plaintiff was represented by an attorney.

24. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00

pursuant to 15 U.S.C. § 1692k(a)(2)(A); actual and compensatory damages; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

25. Plaintiff incorporates Paragraphs 1 through 18.

26. The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FCCPA with respect to Plaintiff.

27. This direct telephone contact by Defendant with Plaintiff constitutes a "communication" as defined by Section 559.55(5), Florida Statutes.

28. Defendant and its agents violated the State of Florida Consumer Collection Practices Act Section 559.72 (7) by willfully communicating with the Plaintiff debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

29. Defendant and its employees and agents violated the State of Florida Consumer Collection Practices Act, Section 559.72(18), Florida Statutes, by willfully communicating with Plaintiff after Defendant knew that Plaintiff was being represented by an attorney with respect to such debt and had knowledge of, or could readily ascertain such attorney's name and address.

30. Defendant and its agent's acts as described above were done with full knowledge and intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the above violation of the State of Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment in that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for Defendant's violation of the FCCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Statutory damages pursuant to Section 559.77, Florida Statutes;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Section 559.77, Florida Statutes;

F. For such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demand trial by jury in this action.

Respectfully submitted this ___ day of June 2012.

**DICESARE, DAVIDSON, & BARKER, P.A.**

_____
HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
E-Mail: rbarker@ddblaw.com
Attorney for Plaintiff